McEjNNey, J.,
delivered the opinion of the court.
This suit was commenced before a justice of the peace of Davidson county, by Jackson against Barnes, to recover certain fees, or commissions, claimed to be due from the defendant to the plaintiff. The justice rendered judgment in favor of the plaintiff for $46, from which the defendant appealed to the circuit court. At the October term, 1854, the ease was tried in the circuit court, verdict and judgment were for the plaintiff; and the defendant, Barnes, prosecuted an appeal in error to this court.
A brief statement of the facts is necessary to show the nature and ground of the plaintiff’s demand. At the May term, 1852, of the circuit court of Davidson county, a judgment was rendered, by motion, in favor of A. C. White againt Barnes, as sheriff, and his securities, for failure to make due and proper return of an execution placed in his hands in favor of said White, against E. W. Hickman and others. Upon an appeal in error to the supreme court, this judgment was affirmed at the December term, 1852.' Upon this judgment execution issued, and was placed in the hands of Jackson, as ccrroner of Davidson county, who failed to make the money, having been put off with promises of Barnes, from time to time, until it was too late. In June, 1853, an alias execution was issued and placed in the hands of Jackson, with instructions to *418 proceed to make the money, and that if he failed to do so, he and his securities would be held responsible. Jackson proceeded upon the latter execution to demand the money from Barnes, and refused to grant further delay, without the consent of White, the plaintiff in the execution: and thereupon Barnes procured the consent <of White to a suspension of the execution for the space of twenty or thirty days, so as to enable Barnes to go to Memphis to receive some money due him at that place, with which to satisfy said execution. On the return of Barnes from Memphis, Jackson again called upon him for the money; he failed to pay it, but informed Jackson that an arrangement had been made between George Maney and Hickman, the original judgment debtor of White, by which said Maney was to pay the amount due upon the execution in the hands •of Jackson.
Thus the matter rested, as it appears, until after the return day of the execution: and on the 21st of December, 1853, Jackson procured Barnes and White, and said Maney, all to meet at the office of Andrew Ewing, Esq., for the purpose of having the matter settled, and the execution satisfied. Maney, on this occasion, paid to White the amount due upon the execution, being the sum of $1976 20, besides interest and costs: •and took from White a transfer and assignment of the judgment. Upon this adjustment having been completed, Jackson demanded of the parties who was to pay his costs, or commissions, and Barnes replied, “I will settle, or I will arrange that with you.”
The subsequent refusal to make good this promise, constitutes the foundation of the present suit.
*419 The circuit judge instructed the jury, that ' if the plaintiff had an execution in his hands against the defendant, and “forebore to collect the money, until after tlic return day of the process, and did it at the instance' and request of the defendant, ‘and with an understanding, either express or implied, that when the money was paid he was to have his commissions as though he had collected the money before the return day, such forbearance under such circumstances, would •constitute a sufficient consideration to support a subsequent promise by the defendant to pay the commissions: although the plaintiff (in the execution) got his money by a sale of the execution, and not by collecting it, the defendant being present and consenting.”
This instruction, we thint, is altogether erroneous. The commissions given by statute to sheriffs and other collecting officers, are intended as compensation for services actually rendered; the officer can set up 'no claim to the commissions, unless the services be rendered. His reception of the commissions, under such circumstances, would subject him to an indictment for extortion. The agreement which constitutes the ground of this suit, can therefore, be viewed in no other light than as a promise on the part of Barnes, the defendant in the execution, to reward the officer for a neglect and violation of his official duty.
All such agreements being contrary to public policy, are illegal and void, upon well established general principles of law.
The officer in executing the stern mandate of the law, cannot be permitted to stipulate with the defendant for delay, or indulgence, at the expense of his offi - *420 cial obligations, much less to demand a reward for so doing.
We feel very clear that no recovery can be had in this case. The judgment will, therefore, be reversed, and the case be "remanded for a new trial.